BOLÍVAR ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 17.—Decided December 21, 1907.

COMMISSION—ATTORNEY IN FACT.—Where an attorney in fact is authorized to sell the real property of his principal under such stipulations and conditions as he may deem proper, without making any distinction between the properties which he possesses or which he may acquire in the future, until such a power of attorney is revoked, the attorney in fact has the power to sell the property subsequently acquired by his principal.

RECORD—POWERS OF REGISTRAR—CANCELLATION.—After a record is made in the registry of property the registrar has no authority to annul the same without the knowledge and consent of the parties in interest, such powers being vested exclusively in the courts of justice.

The facts are stated in the opinion.
*Mr. Juan de Guzmán Benítez* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Juan de Guzmán Benítez on behalf of Pedro Bolívar y Alvarez, as the general attorney in fact of Gorgonio Bolívar y Alvarez and Joaquin Ramos y Ferro, from a decision of the Registrar of Property of Caguas denying the admission to record of a deed of sale of a rural estate.

By public deed executed on February 6, 1901, in the town of Bilbao before Notary Francisco de Santiago y Marín, Angela Daubon, of age, married, and a resident of Munguia, conferred a power of attorney upon her husband, Gorgonio de Bolívar y Alvarez, to administer and manage her properties, rights and interests in this Island of Porto Rico, authorizing him to this end to give them in lease, sell and mortgage them, for the price, time and under the terms which he might see fit to fix. Gorgonio delegated this power of attorney, together with one over his personal property, to his brother, Pedro de Bolívar y Alvarez, by instrument executed in this city of San Juan November 15, 1904, before Attorney and Notary Herminio Díaz Navarro, conferring upon him among other powers that of administering all the property belonging to the principal as owner, usufructuary, or in any other capacity, and to purchase, sell and exchange real property under the conditions and stipulations which he might deem proper.

Subsequently—that is to say, by deed of July 8, 1907, executed before Salvador Suau y Carbonell, an attorney and notary—Pedro de Bolívar y Alvarez as the general attorney in fact of Gorginio de Bolívar and Angela Daubon, his wife, sold to Joaquín Ramos y Ferro a rural estate belonging to his principal, Gorgonio de Bolívar, having an area of 196 *cuerdas,* situated in the *barrio* of Hato, in the Municipal District of Hato Grande or San Lorenzo, for the price and sum of $5,000, which the purchaser delivered at the time of the execution of the deed, and by a subsequent deed executed in this city on the 24th of said month of July before Attorney and Notary Juan de Guzmán Benítez, Joaquín Ramos y Ferro mortgaged said estate in favor of the Banco Territorial y Agrícola de Puerto Rico for the sum of $3,000, which the latter had loaned him, leaving the said sum of $3,000 on deposit in the Banco Territorial until the deed should have been recorded in the registry of property.

. Upon the presentation of said deed in the Registry of Property of Caguas for the record of the mortgage together with the previous deed of purchase and sale by which Joaquín Ramos y Ferro acquired of Pedro de Bolívar y Alvarez, as the attorney in fact of his brother, Gorgonio, and the latter's wife, Angela Daubon, the rural estate referred to, the said registrar recorded them, without objection, on August 30 last, but immediately thereafter, on the same 30th day of August, he annulled said records by way of correction, then refusing the record of both deeds on the grounds which appear in the decisions placed at the foot thereof, which read as follows:

Upon the deed of sale:

"The record of the foregoing deed is refused because Gorgonio Bolívar y Alvarez, on December 18, 1906, acquired the estate sold, and the power of attorney produced by Pedro Bolívar, conferred upon him by Gorgonio Bolívar and his wife, Angela Daubon, dated November 15, 1904, gives him authority to sell the property which said principals possessed at the moment of executing the said power of attorney, and it can in no way be construed to authorize him to sell property acquired after the said date of the power of attorney, as was wisely construed in a similar case by the Directorate of Registries of Property of Madrid in its decision of June 8, 1885; and the proper cautionary notice has been entered, effective for the legal period, at folio 171, reverse side, of volume 15 of Hato Grande, estate 606, triplicate, record letter Y. Caguas, August 30, 1907."

And upon the mortgage deed:

"The foregoing document is not admitted to record because the mortgaged estate is recorded in the name of Gorgonio Bolívar y Alvarez, a person other than the debtor, and the proper cautionary notice has been entered, effective for the legal term, at folio 206, reverse side, of volume 15 of Hato Grande, estate 606, quadruplicate, record letter J. Caguas, August 30, 1907.

Attorney Juan de Guzmán Benítez took an appeal in due time from these decisions on behalf of Pedro Bolívar y Alvarez, as the attorney in fact of his brother, Gorgonio Bolívar

y Alvarez, and Joaquín Ramos y Ferro, seeking the reversal of said decisions, and that an order issue to the registrar to record both deeds, without additional costs, and that he be adjudged to pay the appellants the sum of $50 for postage and incidental expenses of this appeal.

Pedro Bolívar being authorized as he is by the power of attorney conferred on him by his brother, Gorgonio, in his own right and as the attorney in fact of his wife, Angela Daubon, to sell and alienate with full powers all their property, without any distinction whatsoever, which they may now own or hereafter acquire, it is evident that until such power of attorney shall be suspended or revoked it authorizes the attorney in fact to execute all the powers which the principal had conferred on him in the said power of attorney, which included authority to sell the rural estate in question. Therefore, the said sale does not contain a defect avoiding it, as alleged in the decision of the registrar, which prevents its record in the registry of property.

Both deeds having been recorded, as they were, in the registry, the Registrar of Property of Caguas lacked authority to annul said records without the concurrence and agreement of the parties interested, such authority being vested exclusively in the courts of justice.

As the foreclosure of mortgages must now be effected by the compulsory process prescribed by the Code of Civil Procedure—that is to say, without fixing the lowest acceptable bid—in accordance with the provisions of the Act of March 10, 1905, the provisions of article 127 of the Mortgage Law requiring that mortgage deeds set forth the value of the mortgaged property to serve as a basis for the bidding at the sale, do not answer any further purpose, for which reason the mortgage deed in question does not contain this curable defect either.

The decisions of the Registrar of Property of Caguas, denying the record of the deeds the subject of this appeal, are

reversed, and it is held that said deeds are recordable and that the registrar is under the obligation of recording them at his expense, in the form which may be proper under the law. And it is ordered that tne documents presented be returned to the Registrar of Property of Caguas together with a certified copy of this decision, for his information and the other proper legal purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.